JOSEPH H. HUNT
Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, *et al*.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education, *et al*.,<br><br>　　　　Defendants. | Case No. 5:20-cv-455-EJD |
| PEOPLE OF THE STATE OF CALIFORNIA ex rel. Xavier Becerra, Attorney General of California,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BETSY DEVOS, in her official capacity as Secretary of Education, *et al*.,<br><br>　　　　Defendants. | Case No. 5:20-cv-1889-EJD<br><br>**DECLARATION OF DIANE AUER JONES** |

I, Diane Auer Jones, declare as follows:

　　1.　　I am the Principal Deputy Under Secretary delegated to perform the duties of Under Secretary for the U.S. Department of Education. I am familiar with the issues discussed

---

Declaration of Diane Auer Jones
Case Nos. 5:20-cv-455-EJD, 5:20-cv-1889-EJD

in this Declaration based on conversations with other Department officials in the course of my official duties and based upon personal knowledge.  I have served in this position since June 2018, after returning to work at the Department in February, 2018.  My work at the Department is based on my experiences as a student and in a variety of positions in higher education – both as an instructor and as an administrator.  I have worked for public, nonprofit, and proprietary schools.

2. I understand that the above-captioned cases challenge the rescission of gainful employment ("GE") regulations that the Department promulgated in 2014. Under those regulations, the Department is required to use aggregate earnings data obtained from the Social Security Administration ("SSA") to calculate debt-to-earnings rates for programs subject to the regulations. *E.g.*, 34 C.F.R. § 668.404(c)(1).

3. The Department does not have access to any individual earnings information from postsecondary students or former postsecondary students, making it impossible to create aggregate earnings information for students who complete postsecondary educational programs, absent the cooperation of another federal agency that has access to such information.  The GE regulations therefore contemplated and required that aggregate earnings information by GE program would be obtained from the SSA, which would use individual earnings information grouped by lists of GE program graduates provided by the Department to calculate aggregate earnings and transmit the aggregate data to the Department without sharing the underlying individual earnings information.  During negotiated rulemaking on the GE regulation, there was discussion about which federal agency would serve as the source of earnings data for GE purposes, and the Department determined that it would rely exclusively on SSA data to calculate

GE earnings data.  Thus, the GE regulation can be implemented only when the Department has access to data collected by and provided to the Department by SSA.

4.  In order to obtain the aggregate earnings information needed to support the GE regulations, the Department entered into a Memorandum of Understanding (MOU) with the SSA that would allow SSA to provide earnings data of individuals the Department identified as GE program graduates on an aggregate basis for each program. By its terms, the MOU expired on May 24, 2018, and would have to be renewed in order for the Department to continue receiving the SSA data beyond that date.

5.  In March 2018, in a case in the U.S. District Court for the Northern District of California, plaintiffs claimed that the Department's use of aggregate SSA program earnings in connection with its processing of borrower defense claims violated the Privacy Act.  *Manriquez v. DeVos*, Case No. 3:17-cv-07210 (N.D. Cal.) (ECF No. 33). News reports also indicated that at least one member of Congress had publicly called for an Inspector General investigation into the Department's use of this data. *See* https://www.washingtonpost.com/news/grade-point/wp/2018/01/02/elizabeth-warren-wants-the-education-dept-s-use-of-earnings-data-investigated/.

6.  After these events, SSA decided not to renew the MOU.  Before the MOU expired in May 2018, the Department requested that SSA agree to renew the MOU, but SSA did not do so. It is my understanding that the SSA orally communicated to attorneys in the Department's Office of the General Counsel that it was not inclined to renew the MOU.  The SSA did not agree to renew the MOU and also declined requests from the Department to provide any written response confirming it would not renew the MOU.

Declaration of Diane Auer Jones
Case Nos. 5:20-cv-455-EJD, 5:20-cv-1889-EJD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7. In light of the expiration of the MOU, the Department was unable to complete the D/E rate calculations under the GE regulations for a second year. 84 Fed. Reg. 31392, 31392 (July 1, 2019). The Department currently has no reason to expect that SSA will agree to renew its MOU in the future. Absent such an agreement, the Department is unable to calculate D/E rates pursuant to the process set forth in the GE regulations.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

5/26/2020

X Diane Auer Jones

Diane Auer Jones
Principal Deputy Under Secretary delegated ...
Signed by: Diane Jones

__5/26/2020___
Date

Diane Auer Jones
Principal Deputy Under Secretary delegated to perform the duties of Under Secretary for the U.S. Department of Education

Declaration of Diane Auer Jones
Case Nos. 5:20-cv-455-EJD, 5:20-cv-1889-EJD