XAVIER BECERRA
Attorney General of California
NICKLAS A. AKERS
Senior Assistant Attorney General
BERNARD A. ESKANDARI (SBN 244395)
Supervising Deputy Attorney General
AMOS E. HARTSTON (SBN 186471)
DANIEL A. OSBORN (SBN 311037)
CHRISTOPHER M. LAPINIG (SBN 322141)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Tel: (213) 269-6348
 Fax: (213) 897-4951
 Email: amos.hartston@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

[See signature page for the complete list of parties represented. Civ. L.R. 3-4(a)(1).]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **AMERICAN FEDERATION OF TEACHERS**, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>**ELISABETH DEVOS**, et al.,<br><br>    Defendants. | Case No. 20-cv-00455-EJD |
| **THE PEOPLE OF THE STATE OF CALIFORNIA**,<br><br>    Plaintiff,<br><br>    v.<br><br>**BETSY DEVOS**, et al.,<br><br>    Defendants. | Case No. 20-cv-01889-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:        October 1, 2020<br>Time:        10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge:       Hon. Edward J. Davila |

**JOINT CASE MANAGEMENT STATEMENT**

The parties to the above-captioned actions submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. Undersigned counsel for Plaintiff the People for the State of California ("California"); counsel for Plaintiffs American Federation of Teachers, California Federation of Teachers, Isai Baltezar, and Julie Cho ("AFT Plaintiffs," and together with California, the "Related Case Plaintiffs"); and counsel for Defendants Secretary Betsy DeVos and the United States Department of Education ("Defendants" or "ED") have discussed the items enumerated in the Court's Standing Order and respectfully submit the following joint statement.

**1.      Jurisdiction and Service**

This is an Administrative Procedure Act ("APA") case filed under 5 U.S.C. §§ 701–706. This Court has federal question jurisdiction over this action because it is a case arising under federal law. 28 U.S.C. § 1331. There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

**Related Case Plaintiffs' position:**

Defendants previously moved this Court to dismiss these actions under Federal Rule of Civil Procedure 12(b)(1), arguing that the Related Case Plaintiffs lacked Article III standing. Having considered the parties' briefs and having had the benefit of oral argument, the Court issued an order granting in part and denying in part Defendants' motion to dismiss on September 3, 2020. [Cal. Dkt. 29; AFT Dkt. 33.]

Defendants' motion for leave to file a motion for partial reconsideration does not raise any new facts or law, but improperly seeks to reargue their motions to dismiss. The Related Case Plaintiffs object to Defendants use of the Case Management Statement for argument.

**Defendants' position:**

Defendants contest the Court's subject matter jurisdiction over these actions based on the Related Case Plaintiffs' lack of Article III standing. In response to Defendants' motion to dismiss these actions on that basis, the Court previously agreed that it lacks subject matter jurisdiction over the substantive claims presented in this action. On that basis, the Court dismissed the *AFT*

1

Plaintiffs' Counts 1–10, as well as California's Disclosure Claims and Eligibility Claims. Order of Sept. 3, 2020, at 17, 20, 23.

Defendants continue to contest the Court's subject matter jurisdiction over the Related Case Plaintiffs' remaining claims through Defendants' motion for leave to file a motion for partial reconsideration of the Court's September 3, 2020 Order, which remains pending. Contrary to the Related Case Plaintiffs' assertion, Defendants' motion for leave does not reargue their motions to dismiss but points out dispositive issues that the Court's September 3, 2020, Order left unresolved, including whether the claims that it deemed procedural had identified a legitimate concrete interest or were redressable, and whether California's characterization of its APA arguments as identifying procedural harm was correct in light of Defendants' arguments and the weight of authority to the contrary, as well as the inconsistency between California's position and that of the AFT Plaintiffs, who did not argue that their similar APA claims were procedural.

Because the Court's subject matter jurisdiction remains at issue, Defendants request that no proceedings on the merits take place until Defendants' pending motions are resolved.

**2.     Facts**

Under Title IV of the Higher Education Act, eligible institutions of higher education offering eligible postsecondary educational programs may apply and obtain approval from ED to participate in Title IV student financial aid programs (thereby allowing students to receive federal student loans and grants). Title IV includes within its definition of "eligible program" a postsecondary program that, among other things, "provides a program of training to prepare students for gainful employment in a recognized profession." 20 U.S.C. § 1088(b)(1)(A)(i). Title IV also defines "proprietary institution of higher education" as a school that, among other things, "provides an eligible program of training to prepare students for gainful employment in a recognized occupation." 20 U.S.C. § 1002(b)(1)(A)(i). In 2014, ED adopted regulations to implement these statutory definitions. *See* Program Integrity: Gainful Employment, 79 Fed. Reg. 64,890 (Oct. 31, 2014), *corrected by* 79 Fed. Reg. 71,957 (Dec. 4, 2014) (collectively, the "2014 Gainful Employment Rule"). The 2014 Gainful Employment Rule set forth criteria and requirements for certain programs to become and remain eligible for Title IV participation. In

2019, ED published a final rule rescinding the 2014 Gainful Employment Rule in its entirety. *See generally* Program Integrity: Gainful Employment, 84 Fed. Reg. 31,392 (July 1, 2019) (the "2019 Rule").

The Related Case Plaintiffs have filed their respective actions under the APA, 5 U.S.C. §§ 701–706, to challenge the lawfulness of the 2019 Rule rescinding the 2014 Gainful Employment Rule in its entirety.

### 3.  Legal Issues

**Related Case Plaintiffs' position:**

The sole legal issue is whether ED's repeal of the 2014 Gainful Employment Rule in its entirety complies with the APA and the Higher Education Act.

With respect to standing, the Related Case Plaintiffs object to Defendants' use of the Case Management Statement to reargue issues previously decided by this Court.

AFT Plaintiffs also dispute Defendants' repeated contention that the September 3, 2020, Order dismissed all but Count 11 of their Complaint. To the contrary, the plain text of the Court's Order dismissed only the "Disclosure Claims," defined by the Court as ¶¶ 374–89 of the AFT Complaint (corresponding to Count 4), and the "Eligibility Claims," defined by the Court as ¶¶ 390–441 of the AFT Complaint (corresponding to Counts 5–10). *See* Order [Dkt. 29] at 13 (defining claims); *id.* at 17 (dismissing "Disclosure Claims"); *id.* at 20 (dismissing "Eligibility Claims"); *see also* Defs.' Mot. to Dismiss AFT's Compl. [AFT Dkt. 26] at 9 (dividing claims into three categories, Counts 1-3, Count 4, and Counts 5-11, but not squarely raising why AFT Plaintiffs did not have standing to bring Counts 1-3). Nevertheless, the Court's Order did not address Counts 1-3.

**Defendants' position:**

In light of Defendants' motion for leave to file a motion for partial reconsideration of the Court's Order of September 3, 2020, the Related Case Plaintiffs' Article III standing to raise their remaining claims continues to be at issue. The Court's subject matter jurisdiction should be decided before the parties address the merits of the remaining claims. Defendants therefore request that their motion for leave to file a motion for partial reconsideration, and any motion for

3

1  partial reconsideration that Defendants are permitted to file, be resolved before any further
2  proceedings in the case.

3  Counts 1–10 of the AFT Plaintiffs' Complaint are no longer at issue following the Court's
4  dismissal of those claims in its September 3, 2020, Order. Defendants disagree that the Court's
5  Order failed to dismiss Counts 1-3. Those Counts raised substantive challenges to the 2019 Rule's
6  rescission of both the disclosure and eligibility frameworks of the 2014 GE Rule based on alleged
7  underlying defects that arguably would apply to both. In their motion to dismiss, Defendants
8  therefore explained that Counts 1-3 qualified as Disclosure Claims "in part" and Eligibility
9  Claims "in part." AFT Mot. to Dismiss [Dkt. #26], at 10-11. Moreover, in contrast to their
10 argument regarding Count 11, the AFT Plaintiffs never argued that Counts 1-3 are procedural, nor
11 that those Counts somehow fell outside the scope of Defendants' motion to dismiss. The Court
12 squarely held that the AFT Plaintiffs lacked standing to assert either their Disclosure Claims or
13 their Eligibility Claims, so Counts 1-3 are included among those claims that the Court dismissed.

14 Thus, the AFT Plaintiffs' sole remaining claim, set forth in Count 11 of their Complaint, is
15 that the 2019 Rule is arbitrary, capricious, or otherwise not in accordance with law based on its
16 alleged failure to make public during the notice and comment period the technical studies and
17 data upon which the 2019 Rule relied, in violation of 5 U.S.C. § 553. AFT Compl. ¶¶ 443–46.

18 California's Disclosure Claims and Eligibility Claims are no longer at issue following the
19 Court's dismissal of those claims in its September 3, 2020, Order. The claims that the Court
20 allowed to proceed, on the basis that they identified procedural harm, are set forth in ¶¶ 134–43 of
21 California's Complaint. These claims assert that the 2019 Rule is arbitrary, capricious, or
22 otherwise not in accordance with law because the Department allegedly "failed to engage in
23 reasoned decisionmaking based on the record before it," Cal. Compl. ¶ 143, in the following
24 ways:

- That the 2019 Rule allegedly "contradict[ed] the uniform holdings of the federal courts, without considering or even acknowledging those holdings." Cal. Compl. ¶ 134.

- That the 2019 Rule allegedly "fail[ed] to sufficiently acknowledge and justify its

- own changed interpretation of the statutory GE phrase." *Id.* ¶ 135.
- That the 2019 Rule was allegedly "based . . . on [the] view that the 2014 GE Rule disproportionately impacted for-profit schools." *Id.* ¶ 136.
- That the 2019 Rule allegedly "eliminate[ed] the Disclosure Requirements without reasonable explanation or consideration of regulatory alternatives," and "rel[ied] on non-specific, non-binding plans for disclosure of information through a wholly separate source." *Id.* ¶ 137.
- That the 2019 Rule allegedly "eliminate[ed] the Eligibility Metrics and thresholds without consideration of obvious and known alternatives," and "chang[ed] its position regarding the Eligibility Metrics and thresholds without adequate explanation or good reason." *Id.* ¶ 138.
- That the 2019 Rule allegedly "eliminat[ed] the Certification Requirement without consideration of obvious and known alternatives," and "chang[ed] its position regarding the Certification Requirements without adequate explanation or good reason." *Id.* ¶ 139.
- That the 2019 Rule was allegedly issued "without adequate factual support or substantial evidence to support its assertions." *Id.* ¶ 140.
- That the 2019 Rule allegedly "repeatedly disparage[ed] the accuracy, reliability, and validity of the 2014 GE Rule's metrics." *Id.* ¶ 141.
- That the 2019 Rule allegedly "fail[ed] to sufficiently justify or even acknowledge its simultaneous embrace of the 2014 GE Rule to reduce student-borrower debt relief." *Id.* ¶ 142.

### 4.     Motions

Defendants previously moved this Court to dismiss these actions under Federal Rule of Civil Procedure 12(b)(1), arguing that the Related Case Plaintiffs lacked Article III standing. The Court issued an order granting in part and denying in part Defendants' motion to dismiss on September 3, 2020. [Cal. Dkt. 29; AFT Dkt. 33.]

On September 15, 2020, Defendants moved under Civil Local Rule 7-9 for leave to file a

motion for partial reconsideration of the Court's order. [Cal. Dkt. 30; AFT Dkt. 34.] The motion for leave is pending.

**Related Case Plaintiffs' position:**

The Related Case Plaintiffs anticipate resolving this action through cross-motions for summary judgment based on the administrative record of the 2019 Rule. *See* Civ. L.R. 16-5.

The Related Case Plaintiffs may find it appropriate to file additional motions related to Defendants' yet-to-be-filed answers and administrative record.

In connection with preparation of this Joint Case Management Statement, Defendants proposed waiving their answers. The Related Case Plaintiffs are considering this proposal and will meet and confer with Defendants to see if any stipulations can be reached.

**Defendants' position:**

Because Defendants' motion for leave to file a motion for partial reconsideration of the Court's September 3, 2020, Order raises issues with respect to the Court's subject matter jurisdiction, Defendants believe that that motion, and any motion for partial reconsideration that this Court permits to be filed, should be decided before any proceedings on the merits.

Should these cases proceed on the merits, Defendants agree with the Related Case Plaintiffs that these actions should be resolved through cross-motions for summary judgment based on the administrative record of the 2019 Rule.

Defendants are considering filing a motion under Fed. R. Civ. P. 12(f) to strike Plaintiffs' complaints or, in the alternative, to waive or stay Defendants' obligation to answer. Combined, these complaints are 154 pages and 592 paragraphs long, calling into question their compliance with Fed. R. Civ. P. 8(a). In addition, the answer plays no role in resolution of an APA case based on an administrative record. *E.g.*, *G.G. ex rel. Gersten v. District of Columbia*, 924 F. Supp. 2d 273, 282 n.3 (D.D.C. 2013) ("[I]n actions involving motions for summary judgment based on an administrative record, the answer does not play a critical role in narrowing the issues."); *J.B. by & through Belt v. D.C.*, 325 F. Supp. 3d 1, 7 (D.D.C. 2018) (same). The parties have met and conferred regarding Defendants' obligation to answer the Related Case Plaintiffs' complaints, but have not reached agreement.

**5.     Amendment of Pleadings**

The Related Case Plaintiffs do not currently anticipate amending their respective complaints.

Defendants' answers are currently due on October 3, 2020, pursuant to the Court's April 8, 2020, Orders extending Defendants' deadlines under Civil Local Rule 16-5 up to and including thirty days after the disposition of Defendants' motion to dismiss. [Cal. Dkt. 17; AFT Dkt. 23.] The parties jointly agree to extend the date for Defendants' answer in connection with the jointly proposed case schedule set forth below.

**6.     Evidence Preservation**

Counsel for the parties have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("ESI Guidelines") and have met and conferred under Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence.

Counsel for Defendants have instructed their clients to preserve all evidence related to the compilation of an appropriate administrative record.

The parties will continue to meet and confer regarding any other potential evidence preservation issues.

**7.     Disclosures**

This proceeding is exempt from initial disclosures because it is an action for review on an administrative record. Fed. R. Civ. P. 26(a)(1)(B)(i).

**8.     Discovery**

The parties currently anticipate that discovery will be unnecessary because this is an action for review on an administrative record.

The parties will meet and confer regarding any potential evidence or discovery issues after Defendants answer and file the administrative record.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

The two above-captioned cases are related by order entered on April 1, 2020. [Cal. Dkt. 10;

AFT Dkt. 25.]

**11.    Relief**

Together, the Related Case Plaintiffs seek declaratory and injunctive relief, including: (A) Declare that ED violated the APA by issuing the Repeal in a manner that is arbitrary, capricious, or otherwise not in accordance with law; (B) Hold unlawful, set aside, and vacate the Repeal; (C) Enjoin ED from implementing the Repeal; (D) Order ED to implement and enforce the 2014 Gainful Employment Rule; and (E) Grant other relief as the Court deems just and proper. Cal. Compl. ¶ 26; AFT Compl. at 121–22. AFT also seeks costs and reasonable attorneys' fees. AFT Compl. at 122.

Defendants deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever, and deny that the AFT Plaintiffs are entitled to costs or attorneys' fees.

**12.    Settlement and ADR**

The parties do not believe there is a significant prospect for settlement or that ADR would be productive at this time. The parties, through counsel, hereby respectfully request that this Court relieve the parties from the ADR process and vacate all ADR-related deadlines and other requirements in this litigation. *See* ADR L.R. 3-3(c).

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties do not believe that it is possible at this time to narrow the issues.

The parties will meet and confer regarding any potential issues that can be narrowed by agreement or by motion or through stipulated facts after Defendants answer and file the administrative record.

The parties do not believe it is appropriate to bifurcate issues, claims, or defenses.

**16.   Expedited Trial Procedure**

The parties anticipate that the merits of these actions will be decided on cross-motions for summary judgment because they are actions for review on an administrative record. Therefore, these are not the type of cases that can be handled under the Expedited Trial Procedure.

**17.   Scheduling**

**Related Case Plaintiffs' position:**

The Related Case Plaintiffs met and conferred with Defendants about a proposed case schedule. We jointly agreed to propose the following case schedule to the Court:

- Monday, December 7, 2020: Defendants' deadline to file an answer in each case.
- Monday, December 17, 2020: Defendants' deadline to file a certified copy of the administrative record in each case.
- Thursday, January 28, 2021: Deadline for the Related Case Plaintiffs to move for summary judgment.
- Thursday, February 25, 2021: Deadline for Defendants to file their combined cross-motions for summary judgment and oppositions to the Related Case Plaintiffs' motions.
- Thursday, March 25, 2021: Deadline for the Related Case Plaintiffs to file reply briefs.
- Thursday, April 22, 2021: Deadline for Defendants to file cross-reply briefs.

The Related Case Plaintiffs will file separate papers and Defendants will respond and cross-move separately in each action. At this time, the parties do not anticipate joint briefing.

**Defendants' position:**

Defendants believe that Defendants' motion for leave and, if the motion for leave is granted, Defendants' motion for partial reconsideration, should be resolved before any further proceedings in the case. Because Defendants' motion for partial reconsideration seeks partial reconsideration of Defendants' motions to dismiss, which contest the Court's subject matter jurisdiction based on the Related Case Plaintiffs' lack of standing, it should be resolved before Defendants are required to address the merits of the Related Case Plaintiffs' positions, and all

other deadlines should be stayed in the meantime. If the Court disagrees, Defendants agree to the schedule proposed by the Related Case Plaintiffs above.

**18.    Trial**

The merits of these actions should be decided on cross-motions for summary judgment because they are actions for review on an administrative record. *See* Civ. L.R. 16-5. Therefore, no trial is expected to occur.

**19.    Disclosure of Non-party Interested Entities or Persons**

Civil Local Rule 3-15 does not apply to governmental entities or their agencies, including California and Defendants.

AFT Plaintiffs filed a Certificate of Interested Entities or Persons, pursuant to Civil Local Rule 3-15, on January 22, 2020. [AFT Dkt. 3.] Pursuant to that rule, each of the AFT Plaintiffs certify that, as of the date of this filing, other than the named parties, there is no such interest to report.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

The parties will meet and confer regarding any potential matters that may facilitate the just, speedy, and inexpensive disposition of this matter after Defendants answer and file the administrative record.

Dated: September 21, 2020                    Respectfully submitted,

/s/ Bernard A. Eskandari
BERNARD A. ESKANDARI
Supervising Deputy Attorney General
AMOS E. HARTSTON
DANIEL A. OSBORN
Deputy Attorneys General

*Attorneys for Plaintiff the People of the State of California*

/s/ Daniel A. Zibel
DANIEL A. ZIBEL*
AARON S. AMENT*
ROBYN K. BITNER*
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
dan@defendstudents.org
aaron@defendstudents.org
robyn@defendstudents.org
Tel: (202) 734-7495

GLENN ROTHNER (SBN 67353)
ROTHNER SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, CA 91101
grothner@rsglabor.com
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

*Attorneys for Plaintiffs American Federation of Teachers, California Federation of Teachers, Isai Baltezar, and Julie Cho*

*Admitted *Pro Hac Vice*


JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Katheryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel: (202) 616-8475
Email: kathryn.wyer@usdoj.gov

*Attorneys for Defendants*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

The Court hereby relieve the parties from the ADR process and vacates any otherwise-applicable ADR-related deadlines and other requirements in this litigation. See ADR L.R. 3-3(c).

In addition, the Court makes the further scheduling orders as follows:

**IT IS SO ORDERED.**

Dated: _____

_____
EDWARD J. DAVILA
United States District Judge