BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ISAI BALTEZAR & JULIE CHO,<br><br>       Plaintiffs,<br>       v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*,<br><br>       Defendants. | Case No. 5:20-cv-455-EJD<br><br>**STATEMENT OF RECENT DECISION**<br><br><br>Date:   March 24, 2022<br>Time:  9:00 a.m.<br>Place:  Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to Local Civil Rule 7-3(d), Defendants file this Statement of Recent Decision regarding a recent Order issued in this District. *See* Order Granting Motion to Remand and Denying Motions for Summary Judgment as Moot, *Ctr. for Envtl. Health v. Vilsack*, No. 18-cv-1763-RS, 2022 WL 658965 (N.D. Cal. Mar. 4, 2022) (attached). The court in *Ctr. for Envtl. Health* granted the U.S. Department of Agriculture's motion for voluntary remand without vacatur where, similar to this case, the prior Administration had withdrawn a rule, the plaintiffs challenged the Withdrawal Rule, and the new Administration planned to start anew with a new rulemaking. *Id.* at *1. In declining to vacate the Withdrawal Rule, the court recognized that "the law is unsettled on whether vacatur is permitted before a final judgment on the merits." *Id.* at *4. The court also held that, even if vacatur were permitted, it was not appropriate because, under

the first prong of the *Allied-Signal* test—the seriousness of the Withdrawal Rule's deficiencies—any such deficiencies "should count for less in the pre-judgment context." *Id.* Moreover, in regard to the second *Allied-Signal* prong—the disruptive consequences of an interim change that may itself be changed—the court recognized that allowing the prior rule to "immediately spring into effect" would force regulated entities to "scramble into compliance with a temporary rule," and would likely force the agency to "waste administrative resources to mitigate the chaos." *Id.* The court's ruling and reasoning are relevant to Defendants' Motion for Voluntary Remand Without Vacatur [ECF No. 48], currently pending before the Court.

DATED:  March 14, 2022               Respectfully submitted,

                                     BRIAN M. BOYNTON
                                     Principal Deputy Assistant Attorney General

                                     MARCIA BERMAN
                                     Assistant Director, Federal Programs Branch

                                     /s/ Kathryn L. Wyer
                                     KATHRYN L. WYER (Utah Bar No. 9846)
                                     U.S. Department of Justice, Civil Division
                                     1100 L Street, N.W., Room 12014
                                     Tel. (202) 616-8475
                                     kathryn.wyer@usdoj.gov
                                     *Attorneys for Defendants*