Glenn Rothner (SBN 67353)
ROTHNER SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, CA 91101
grothner@rsglabor.com
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

Daniel A. Zibel (*admitted pro hac vice*)
Aaron S. Ament (*admitted pro hac vice*)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street Northwest, Suite 600
Washington, D.C. 20005
dan@defendstudents.org
aaron@defendstudents.org
Telephone: (202) 734-7495

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAI BALTEZAR & JULIE CHO,<br><br>*Plaintiffs*,<br><br>vs.<br><br>MIGUEL CARDONA, *in his official capacity as Secretary of Education*, & UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants*. | Case No. 20-cv-00455-EJD<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF SUPPLEMENTAL AUTHORITY AND COUNTER-STATEMENT OF SUPPLEMENTAL AUTHORITY<br><br>Date:   March 24, 2022<br>Time:   9:00 am<br>Place:  Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF SUPPLEMENTAL AUTHORITY AND COUNTER-STATEMENT OF SUPPLEMENTAL AUTHORITY**

Plaintiffs make this brief submission in response to Defendants' Statement of Recent Decision regarding *Center for Environmental Health v. Vilsack*, No. 18-cv-01763-RS, 2022 WL 658965 (N.D. Cal. March 4, 2022), *see* Dkt. 64, and to file their own Notice of Supplemental Authority.

1  First, *Center for Environmental Health* is factually and materially distinguishable. There, the Court declined to vacate the U.S. Department of Agriculture's OLPP Rule, because "vacatur would trade one defective rule for another." *Id.* at *5. Here, vacating the Repeal of the Gainful Employment Rule would "trade" the unlawful Repeal for a reinstatement of the 2014 Gainful Employment Rule, which has already been upheld by numerous courts. *See Ass'n of Proprietary Colls. v. Duncan*, 107 F. Supp. 3d 332 (S.D.N.Y. 2015); *Ass'n of Private Sector Colls. & Univs. v. Duncan*, 110 F. Supp. 3d 176, 190–91 (D.D.C. 2015), 640 Fed. App'x 5 (D.C. Cir. 2016); *cf. Am. Ass'n of Cosmetology Schs. v. DeVos*, 258 F. Supp. 3d 50, 56, 76 (D.D.C. 2017) (crafting limited relief in a narrow, as-applied challenge to an aspect of the Gainful Employment rule, but twice noting that the relief granted would "avoid[] upending the entire" 2014 Gainful Employment Rule).

Second, Defendants assert that in *Center for Environmental Health*, Chief Judge Seeborg noted that the Ninth Circuit has not specifically ruled on the permissibility of pre-judgment vacatur in an Administrative Procedures Act case. That is correct. Yet Defendants fail to note that: (a) the court in *Center for Environmental Health* asserted that the permissibility question "need not be decided" there, rendering any statements about the issue pure *dicta*, *id.* at *5; (b) the court specifically highlighted the "arguably inconsistent positions across cases" taken by the United States on this issue, *id.*; and (c) regardless, in *In re Clean Water Act Rulemaking*, No. 20-04636-WHA, 2021 WL 4924844 at *4 (N.D. Cal. Oct. 21, 2021), Judge Alsup canvassed cases and specifically concluded that district courts have the equitable authority to couple an agency's pre-judgment vacatur request with a remand (*i.e.*, the precise relief Plaintiffs seek here). Neither Defendants, nor Judge Alsup in *In re Clean Water Act*, nor Chief Judge Seeborg in *Center for Environmental Health* have cited a single case within the Ninth Circuit squarely holding otherwise.

Nevertheless, Defendants appear to suggest that this Court lacks authority to vacate the Repeal at this stage of the proceedings. As noted above, Chief Judge Seeborg noted that federal agencies have taken "arguably inconsistent positions across cases" on this issue. Accordingly, Plaintiffs attach (as Exhibit A) a February 2022 brief filed by the U.S. Department of Justice—

referenced in *Center for Environmental Health*—in which the federal agency sought a pre-judgment voluntary remand *with* vacatur, and argued that "[i]f a court grants a voluntary remand, *it should then decide whether the agency's action should be vacated during the remand*." Defendants' Notice of Motion for Voluntary Remand and Memorandum in Support in *Native American Land Conservancy v. Haaland*, No. 5:21-cv-00496-GW-AS (C.D. Cal. Dec. 3, 2021), ECF No. 40, at 12. In that same brief, the Government argues—as Plaintiffs do here—that "vacatur is appropriate" where there is a "serious question as to whether the [federal agency] would reach the same decision." *Id.* at 22. In this case, Defendants have conceded that they will not reach the same decision. *See* Dkt. 63 (noting that the Department is "considering the issue anew").

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Glenn Rothner (SBN 67353)<br>ROTHNER SEGALL & GREENSTONE |
|  | Daniel A. Zibel (admitted *pro hac vice*)<br>Aaron S. Ament (admitted *pro hac vice*)<br>NATIONAL STUDENT LEGAL DEFENSE NETWORK |
|  | By: /s/ Daniel A. Zibel<br>DANIEL A. ZIBEL |
| Date: March 14, 2022 | *Counsel for Plaintiffs* |