UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, et al.,<br><br>Defendants. | Case No.   20-cv-00455-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR**<br><br>Re: Dkt. No. 48 |

This action involves challenges under the Administrative Procedure Act ("APA") to a final rule issued in 2019 (the "2019 Rescission Rule") by the U.S. Department of Education and its Secretary, Miguel Cardona (the "Department"). The Department moves for voluntary remand without vacatur. ECF No. 48 ("Mot."). Plaintiffs Isai Baltezar and Julie Cho[1] ("Plaintiffs"; collectively with the Department, "Parties") do not oppose the remand itself but oppose remand without vacatur and, in the alternative, request expedited summary judgment briefing. ECF No. 50 ("Opp."). As alternative relief, the Department requests the Court hold this case in abeyance. ECF No. 56 ("Reply"), at 15. Having considered the Parties' and amicus' briefs, oral arguments, and statements of recent decisions,[2] the Court GRANTS IN PART and DENIES IN PART the

---

[1] On November 11, 2021, Plaintiffs AFT and CFT voluntarily dismissed their claims against the Department without prejudice. ECF No. 49. Accordingly, only Individual Plaintiffs remain.
[2] Both Plaintiffs and the Department have filed a series of statements of decision pursuant to Civil L.R. 7-3(d), some of which contain arguments and responses. *See* ECF Nos. 59-60, 64-65, 67. Civil L.R. 7-3(d) is intended to provide the Court with notice of a "relevant judicial opinion" and does not grant Parties leave to engage in post-reply arguments or submit "counter-statements." *See* ECF No. 65, 67. The Court reminds the Parties that Civil L.R. 7-3(d) expressly prohibits arguments in association with a Statement of Recent Decision, and Civil L.R. 7-3 more generally

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
1

Department's Motion for Voluntary Remand Without Vacatur.

## I. BACKGROUND

### A. Factual Background

Having previously set forth the background facts in detail in its order on the Department's motion to dismiss, *see Am. Fed'n of Tchrs. v. DeVos*, 484 F. Supp. 3d 731, 736 (N.D. Cal. 2020) ("Sept. 3 Order"), the Court will only recite here the facts pertinent to the instant motion.

In 2014, the Department promulgated a set of rules to interpret and regulate "gainful employment" ("GE") (the "2014 GE Rule"), as used in the Higher Education Act's (HEA) statutory definition of "institution of higher education." 20 U.S.C. § 1001(b) ("[T]he term 'institution of higher education' also includes -- (1) any school that provides not less than a 1-year program of training to prepare students for *gainful employment* in a recognized occupation. . . .") (emphasis added). These regulations were designed to counteract the deceptive marketing practices that certain for-profit postsecondary institutions used to entice students to take on large amounts of debt to pursue worthless degrees or credentials. *See Program Integrity: Gainful Employment*, 79 Fed. Reg. 64,890 (Oct. 31, 2014). The final 2014 GE Rule included two regulatory schemes at issue in this action: (1) an affirmative disclosure duty on institutions offering GE programs to disclose certain information, which was to be determined by the Secretary of Education (the "Disclosure Requirement"); and (2) a framework that punishes institutions that repeatedly fail to meet certain performance thresholds in consecutive years by revoking their eligibility for future federal Title IV funds (the "Eligibility Framework"). *See Ass'n of Priv. Sector Colleges & Universities v. Duncan* ("*APSCU IV*"), 110 F. Supp. 3d 176, 181-184 (D.D.C. 2015), aff'd, 640 F. App'x 5 (D.C. Cir. 2016) (summarizing the 2014 GE Rule codified at

---

prohibits parties from filing "additional memoranda, papers or letters" without Court approval. That said, the Court has considered the subsequently filed documents except for Plaintiffs' "Counter-Statement of Supplemental Authority," which is not a relevant judicial opinion but rather a motion brief filed in a wholly separate case. ECF No. 65-1. The Court notes that Chief District Judge Seeborg has previously disapproved of the submission of this exact same brief as post-reply "supplemental authority," which is the very conduct that Plaintiffs engage in here. *Ctr. for Env't Health*, 2022 WL 658965, at *4 n.4.

34 C.F.R. §§ 668.404-405; 668.410); *see also* Sept. 3 Order, 484 F. Supp. 3d at 737-739. The Eligibility Framework's performance thresholds were based on an institution's debt-to-earnings rate for its graduates, which was to be calculated from data provided by the Social Security Administration ("SSA"). *See* Sept. 3 Order, 484 F. Supp. 3d at 738-39.

In January 2017, the Department took preliminary steps to implement the 2014 GE Rule, such as posting the 2015 debt-to-earnings rates and releasing a disclosure template for the Rule's Disclosure Requirement. *Id.* at 739. However, on March 6, 2017, three months into the new Administration, the Department postponed the implementation deadline. *Id.* The Department would again delay the implementation on June 30, 2017, and once more on June 18, 2018. *Id.* at 739-40. During this period, the SSA declined to renew its Memorandum of Understanding with the Department, thereby discontinuing the flow of income data required for the Department to calculate debt-to-earnings rates for the 2014 GE Rule's Eligibility Framework. *Id.* at 746-47; *see also* Decl. of Diane Auer Jones ¶¶ 5-7, ECF No. 26-1.

On July 1, 2019, the Department rescinded the 2014 GE Rule via the presently challenged 2019 Rescission Rule, with then-Secretary DeVos exercising her discretion to implement the rescission immediately. 84 Fed. Reg. 31,392 (July 1, 2019). In relevant part, the 2019 Rescission Rule eliminated the debt-to-earnings rates measure and the affirmative requirement for institutions to publish disclosures and warnings. *Id.* at 31,395; *see also* Sept. 3 Order, 484 F. Supp. 3d at 740.

### B. Procedural Background

On January 22, 2020, the American Federation of Teachers ("AFT"), California Federation of Teachers ("CFT"), and Individual Plaintiffs Isai Baltezar and Julie Cho filed the present action, alleging that the 2019 Rescission Rule harmed them and impaired the organizations' ability to fight for its members. *See* Compl. ¶¶ 22, 53, ECF No. 1. The Complaint advances eleven separate counts, each of which asserted claims relating to the Department's rescission of the Disclosure Requirement, the Eligibility Framework, or both. *Id.* ¶¶ 350-446.

On September 3, 2020, this Court dismissed for lack of standing the counts specifically pertaining to the Disclosure Requirement (Count 4) and the Eligibility Framework (Counts 5-10).

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
3

1   *See* Order Granting in Part and Denying in Part Motion to Dismiss, ECF No. 33.  The Court

2   allowed Count 11—regarding the 2019 Rescission Rule's citations to unnamed sources and

3   unclarified "analyses"— to proceed, finding that Plaintiffs had sufficiently alleged a procedural

4   injury.  *Id.* at 21-22.

5           On October 27, 2021, the Parties filed a joint stipulation in which the Department stated its

6   intention to request voluntary remand "in light of the Department's initiation of new rulemaking

7   processes on the same topics addressed by the [2019 Rescission Rule] at issue in this action."

8   ECF No. 45.  The Department then filed the instant motion for voluntary remand without vacatur,

9   to which Plaintiffs have opposed in part and the Department has replied.  ECF Nos. 48, 50, 56.

10  **II.     LEGAL STANDARD**

11          "[T]he power to decide in the first instance carries with it the power to reconsider."

12  *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980).  Under Ninth Circuit precedent, a

13  federal agency "may request remand to reconsider its initial action" being challenged under the

14  APA.  *See California Communities Against Toxics v. U.S. E.P.A.* ("*CCAT*"), 688 F.3d 989, 992

15  (9th Cir. 2012) (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)); *see*

16  *also* 5 U.S.C. § 706.

17          As outlined in *SKF USA*, there are typically three postures by which an agency requests

18  voluntary remand, each of which accord varying degrees of discretion to the district court.  *SKF*

19  *USA*, 254 F.3d at 1027-29; *see also Keltner v. United States*, 148 Fed. Cl. 552, 561 (2020) ("*SKF*

20  *USA* is by far the leading authority on the law of voluntary remands.").  The agency may request

21  the remand because of (1) "intervening events outside of the agency's control," (2) its intention to

22  reconsider its previous position without confessing error, or (3) its belief that the original decision

23  was incorrect on the merits and desire to change the result.  *Id.*  Under the first situation, "a

24  remand is generally required if the intervening event may affect the validity of the agency action."

25  *Id.* at 1028.  Under the second, "the reviewing court has discretion over whether to remand," so

26  long as the agency intends to reconsider the specific agency action at issue.  *Id.* at 1029; *see also*

27  *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 386-87 (D.C. Cir. 2017) (vacating

28  Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
4

remand where agency offered to reconsider new applications from plaintiff rather than reconsider plaintiff's original denied application). Under the third, if the confessed error pertains to actions compelled or forbidden by its governing statute, the reviewing court again has "considerable discretion"; if, however, the confessed error falls within the gap that Congress delegated to the agency to fill, then remand to the agency is required "absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)).

## III. DISCUSSION

For the reasons stated below, the Court denies the Department's request for voluntary remand but grants the request to hold this case in abeyance.

### A. Voluntary Remand Without Confession of Error

In the instant case, neither the Department nor Plaintiffs have identified any "intervening events outside of the agency's control" for the Court's consideration.[3] Additionally, the Department has repeatedly expressed in briefs and during oral argument that it is not confessing error in its request for voluntary remand. *See, e.g.*, Reply 2-6; Apr. 21, 2022 Hearing Tr. ("Hearing Tr.") 10:2-23. Accordingly, this request falls within the *SKF USA* category pertaining to agency requests for "remand (without confessing error) in order to reconsider its previous position," where the Court has discretion either to grant or deny the request. *SKF USA*, 254 F.3d at 1029.

Generally, courts only refuse voluntary remands where the request is "frivolous or made in bad faith." *CCAT*, 668 F.3d at 992 (citing *SKF USA*, 254 F.3d at 1029); *see also Keltner*, 148 Fed. Cl. at 565 (denying remand where remand was sought to "write a better decision for a

---

[3] The Court notes that the Department occasionally references the change in Administration as the reason for its shift in policies. Mot. 10 ("The Department's request here for voluntary remand in light of new rulemaking that has been initiated due to shifts in Administration policy. . ."); Reply 1 ("[T]he [Department] has decided, in light of a new Administration's policy goals, to undertake a new rulemaking process. . . ."). The Parties do not argue—and the Court therefore does not consider—the shift in Administration to be an "intervening event" for the purposes of the *SKF USA* taxonomy.

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
5

predetermined outcome"); *Lutheran Church-Missouri Synod v. F.C.C.*, 141 F.3d 344, 349 (D.C. Cir. 1998) (denying remand where the request was based on a "post-argument policy statement" that did not bind the agency). On the other hand, requests for remand without confession of error should be granted where the agency's concern is "substantial and legitimate." *SKF USA*, 254 F.3d at 1029. However, district courts must ensure that the agency requesting remand has professed some "intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Limnia*, 857 F.3d at 388 (vacating remand where agency did not intend to revisit the original agency action under review).

Here, the Department requests a voluntary remand because of ongoing rulemaking pertaining to GE regulation. Mot. 8-9; Decl. of James Richard Kvaal ("Kvaal Decl.") ¶ 11. Because the rulemaking will likely "address the very concerns that Plaintiffs have alleged with respect to the past notice and comment procedures that resulted in the 2019 Rule," the Department seeks remand to avoid unnecessary litigation and conserve judicial resources, as well as avoid taking positions that could conceivably pre-judge issues that may arise during the ongoing rulemaking process. Mot. 9, 13. Plaintiffs do not argue that the Department's request for voluntary remand is frivolous or made in bad faith. In fact, they appear to take the Department at its word regarding its intention to engage in GE rulemaking, only taking issue with how long the process may take to result in a final rule. *See* Opp. 16-17 n.13; Hearing Tr. 4:7-14. The Court likewise takes the Department at its word that it is pursuing GE rulemaking with all deliberate speed[4] and thus would find that the remand request was made in good faith.

However, even if the Department requests voluntary remand in good faith, it must provide some assurance that the specific agency action being challenged will be reconsidered on remand.

---

[4] The Court takes judicial notice of the two Issue Papers published on the Department's website as requested by Plaintiffs and unopposed by the Department. *See* ECF No. 62; *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (finding it appropriate to take judicial notice of information made publicly available by government entities and where neither party disputes the authenticity of the website source). These documents summarize the issues discussed during the Department's recent GE rulemaking sessions in January and February 2022. *See* ECF No. 62, Exs. A, B.

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
6

The rationale for this requirement was set forth in the D.C. Circuit opinion, *Limnia v. U.S. Dep't of Energy*. *Limnia*, 857 F.3d at 388. In that case, the plaintiff had brought APA challenges against the Department of Energy's ("DOE") denials of its 2009 loan applications under the Loan Guarantee Program and the Advanced Technology Vehicles Manufacturing loan program. *Id.* at 382. Before the case could be decided on the merits, the DOE requested voluntary remand, offering to review any new applications plaintiff chose to submit, assuming that plaintiff also paid a new application fee. *Id.* at 382-83. The district court granted the voluntary remand and stayed the APA litigation, which was subsequently closed after the district court denied plaintiff's request to lift the stay. *Id.* at 383-84. The D.C. Circuit Court of Appeals reversed, holding that the district court had "erred by granting the Department's voluntary remand request when the Department did not intend to revisit the original application decisions under review." *Id.* at 388. The agency's reconsideration of the specific action being challenged is important—the D.C. Circuit reasoned— because otherwise, the plaintiff would be left with "no opportunity to vindicate its statutory rights under the APA." *Id.* A voluntary remand under those circumstances would be a remand "in name only," and the plaintiff's position would be "the same as if its case had been dismissed on the merits" without a judicial determination on the merits. *Id.*

In the present case, the Court notes many of the same concerns animating the D.C. Circuit's decision in *Limnia*. The specific agency action challenged here is the 2019 Rescission Rule. The Department has not represented that it will reconsider the 2019 Rescission Rule, nor has it represented that it intends to resurrect the rescinded 2014 GE Rule. *See* Hearing Tr. 25:12-14 ("[W]hatever is going on with the new rule, that's something, you know, new, but it doesn't mean that the 2014 Rule can be resurrected."). In fact, the Department has expressly asserted that it "does not plan to simply reinstate the prior 2014 GE Rule but is instead considering the issue anew." Resp. to Req. for Judicial Notice, ECF No. 63. Granted, reconsideration of the specific 2019 Rescission Rule may largely be an exercise in futility, given the Department's inability to obtain earnings data from the SSA. However, this Court has previously held that the remaining Count 11's procedural injuries are nonetheless redressable and can proceed. *See* Order Granting

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
7

in Part and Denying in Part Motion for Partial Reconsideration 6-7 n.3, ECF No. 44.

The Court does acknowledge that, because the Department intends to proceed with GE rulemaking, it is functionally "reconsidering" the 2019 Rule that rescinded the prior GE regulatory framework. However, this is an analogous posture to that of the defendant agency in *Limnia*, where the Department of Energy was functionally "reconsidering" plaintiff's loan application but through a new application that plaintiff would have to submit with new application fees. *See Limnia*, 857.F3d at 382-83. Also like *Limnia*, if the Court here were to remand the present case and the Department subsequently fails to promulgate any GE regulations—as unlikely as that may seem at this moment—then the remand would act as a dismissal of Plaintiffs' claims without any adjudication on the merits.

Because the Department is "considering the issue anew," it is unclear if voluntary remand would be proper under the *SKF USA* purpose of "reconsider[ing] its previous position." *SKF USA*, 254 F.3d at 1029. However, the Court recognizes that the Department's alternative remedy, discussed further below, would achieve many of the same functional benefits as a voluntary remand while avoiding the uncertainty and jurisprudential concerns voiced in *Limnia*. Accordingly, the Court in its discretion DENIES the Department's request for voluntary remand.[5]

### B. Abeyance

In the alternative, the Department requested that the Court hold this case in abeyance. Reply 15. It is well established that a district court may stay an action where it "find[s] it is efficient for its own docket and the fairest course for the parties . . . pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).[6]

---

[5] Because the Court denies the Department's motion for voluntary remand, the Court does not reach the issue of remand with or without vacatur. To the extent that Plaintiffs are requesting vacatur independent of the remand, that request has not been brought before the Court as a motion under Civil L.R. 7-1.

[6] Other courts in this district presiding over APA challenges have granted requests to stay proceedings where the agency announced anticipated rulemaking that would affect the subject of the litigation. *See, e.g.*, Joint Status Report ¶¶ 3-6, *California v. U.S. Dep't of Health and Human Servs., et al.*, No. 17-cv-05772-HSG (N.D. Cal. Apr. 30, 2021), ECF No. 456 (noting that

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
8

1    The Court sees merit in allowing the Department to proceed with its ongoing GE
2   rulemaking without requiring them to defend the 2019 Rescission Rule.  The Court notes that both
3   Plaintiffs and the Department largely appear to be striving towards a common purpose—the
4   creation of an effective gainful employment regulatory framework—and the Parties only differ as
5   to *when* such a framework should be implemented.  *See* Hearing Tr. 4:7-14.  Plaintiffs want the
6   GE regulations now, even if substantial portions cannot be effectuated; the Department wants the
7   GE regulations to run the ordinary course of notice-and-comment rulemaking, which could delay
8   the implementation as late as July 2024.  *See* Opp. 16-17.  Additionally, all subsequent
9   proceedings would be at risk of being rendered moot by a new GE rule.  Mot. 2; Reply 2; *see also*
10  Hearing Tr. 18:1-7 (Plaintiffs' counsel noting that vacatur would "largely become irrelevant" if the
11  Department were to publish a final rule by November 1st).

12   The Court also notes that abeyance is not too far from Plaintiffs' own alternative remedy,
13  that the Court grant vacatur but stay the vacatur for a limited period.  Opp. 17 n.14.  Indeed,
14  holding the case in abeyance would alleviate Plaintiffs' jurisprudential concerns, namely that the
15  Department would be able to "escape judicial review and the statutory requirement that illegal
16  agency actions be 'set aside.'"  Opp. 1; *see also* Hearing Tr. 13:6-14.  During abeyance, the Court
17  would retain jurisdiction over the case, so if the Department's rulemaking does not moot or
18  otherwise resolve Plaintiffs' claims, Plaintiffs would be able to request the abeyance be lifted and
19  pick up the litigation where they left off.  *See also* Joshua Revesz, *Voluntary Remands: A Critical*
20  *Reassessment*, 70 Admin. L. Rev. 361, 405-06 (2018) (highlighting the advantages of abeyance
21  over voluntary remands).

22   At present, the Court recognizes many prudential benefits to allowing the Department's

---

dispositive motions were held in abeyance while agencies initiated rulemaking); Order of Oct. 7, 2021, *California v. U.S. Dep't of Educ.*, No. 21-cv-00384-JD, (N.D. Cal. Oct. 7, 2021), ECF No. 35 (administrating closing case after parties' request noting the Department's intended rulemaking on challenged topics).  Indeed, a district court presiding over APA challenges to the very same 2019 Rescission Rule at issue here is currently holding dispositive motions in abeyance.  *See* Minute Order, *Commonwealth of Pennsylvania, et al. v. Miguel Cardona, et al.*, No. 20-cv-01719-FYP (D.D.C. Nov. 12, 2021).

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
9

ongoing GE rulemaking to proceed without requiring them to defend the 2019 Rescission, but there are also concerns with remanding the case as requested by the Department. Under these circumstances, the Court will exercise its discretion to order a stay and GRANTS the Department's request to hold this case in abeyance.

### C. Expedited Summary Judgment Briefing

Plaintiffs request that, absent a remand, the Court order expedited summary judgment briefing. Opp. 19. In support of expedited summary judgment briefing, Plaintiffs note that "the issues in this litigation are likely to impact future rulemaking" and, therefore, it would benefit public policy to have the issues resolved before a Notice of Proposed Rulemaking is issued. *Id.*

The Court agrees with Plaintiffs insofar as the issues in this litigation would impact ongoing and future GE rulemaking. However, the Court is not convinced that the impact would be more beneficial than disruptive. Plaintiffs' requested vacatur of the 2019 Rescission Rule would result in an immediate resurrection of the 2014 GE Rule and an abrupt transformation of the regulatory backdrop on which relevant stakeholders are currently negotiating. Furthermore, as discussed above, all further litigation in this case would be haunted by the specter of mootness should the Department reach a final GE rule at any point. Accordingly, the Court will not order expedited summary judgment briefing at this time.

## IV. CONCLUSION

After careful consideration of the briefing submitted by the Department, Plaintiffs, and amicus, as well as oral arguments, the Court GRANTS IN PART and DENIES IN PART the Department's Motion for Voluntary Remand Without Vacatur.

The Court denies the Department's request for voluntary remand but grants its alternative request to hold the case in abeyance. The case will accordingly be held in abeyance pending a subsequent status report. The Parties are directed to file a joint status report within 90 days of this Order to provide relevant updates and information, including the status of the current GE rulemaking and the Parties' positions on whether the case should continue to be held in abeyance.

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
10

**IT IS SO ORDERED.**

Dated: May 10, 2022

                                                        EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-00455-EJD
ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR REMAND
11