Glenn Rothner (SBN 67353)
ROTHNER SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, CA 91101
grothner@rsglabor.com
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

Daniel A. Zibel (*admitted pro hac vice*)
Aaron S. Ament (*admitted pro hac vice*)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street Northwest, Suite 600
Washington, D.C. 20005
dan@defendstudents.org
aaron@defendstudents.org
Telephone: (202) 734-7495

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAI BALTEZAR & JULIE CHO,<br><br>     *Plaintiffs*,<br><br>vs.<br><br>MIGUEL CARDONA, *in his official capacity as Secretary of Education*, & UNITED STATES DEPARTMENT OF EDUCATION,<br><br>     *Defendants*. | Case No. 20-cv-00455-EJD<br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

On May 10, 2022, this Court issued an Order granting, in part, and denying, in part, Defendants' motion for voluntary remand without vacatur. Dkt. 73. At that time, the Court ordered that this case be "held in abeyance pending a subsequent status report," which the Court directed the parties to file "within 90 days." *Id.* That status report was to "provide relevant

1  updates and information, including the status of the current GE rulemaking on whether the case
2  should continue to be held in abeyance." *Id.*
3        On June 21, 2022, the Administration released its Spring 2022 Unified Agenda,[1]
4  identifying the status of any current rulemakings by federal agencies. *See*
5  https://www.reginfo.gov/public/do/eAgendaMain (select Department of Education on pull-down
6  menu). In its agenda, the Department identified a number of rules in various stages of
7  rulemaking. The agenda identifies the Gainful Employment rule at the Proposed Rule Stage and
8  identifies April 2023 as the anticipated date for a Notice of Proposed Rulemaking ("NPRM").
9        At Plaintiffs' request, the parties submit this Joint Status Report, together with their
10  respective positions on the status of the abeyance.
11        **A.**  **Plaintiffs' Position**
12        Prior to the Department's June 21, 2022 announcement, the Department's Regulatory
13  Agenda stated that a Gainful Employment NPRM was anticipated to be issued by July 2022. *See*
14  https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202104&RIN=1840-AD57
15  (Spring 2021 Agenda showing "07/00/2022" as the date for an NPRM). This date was
16  represented to Plaintiffs and the public via the *Federal Register* in July 2021. *See* Introduction to
17  the Unified Agenda of Federal Regulatory and Deregulatory Actions, 86 Fed. Reg. 41,166 (July
18  30, 2021) (describing upcoming actions "report[ed]" by agencies and directing the public to view
19  the "complete publication" at reginfo.gov). This anticipated publication date was unchanged
20  when the Department released its Fall 2021 Regulatory Agenda in January 2022. *See* Unified
21  Agenda of Federal Regulatory and Deregulatory Actions, U.S. Dep't of Education, 87 Fed. Reg.

---

[1]    The Unified Agenda is a semi-annual publication by agencies providing, *inter alia*, a "brief description of the subject area of any rule which the agency expects to propose or promulgate which is likely to have a significant economic impact on a substantial number of small entities." 5 U.S.C. § 602(a)(1). By statute, the agenda shall also contain "an approximate schedule for completion on any rule for which the agency has issued a general notice of proposed rulemaking." *Id.* § 602(a)(2).

5,220 (Jan. 31, 2022) (providing information regarding Gainful Employment and directing the public to view the Department's entire agenda at reginfo.gov).[2]

This date was in place and then reiterated by the Department via the *Federal Register* (as described above) during the briefing on the Motion for Remand. Yet last week, the Department **announced an eight-month delay**, until April 2023, of its schedule.[3] As a direct consequence, although Plaintiffs' prior briefing stated that no new Gainful Employment Rule could take effect until July 2023, failing to publish a proposal until 2023 means that the best-case scenario effective date has now been pushed to July 2024. *See* HEA § 482(c)(1), 20 U.S.C. § 1089(c)(1); *see also Bauer v. DeVos*, 325 F. Supp. 3d 74, 92–96 (D.D.C. 2018) (describing the Master Calendar Rule).

Plaintiffs respectfully request that the abeyance be lifted immediately so that the parties can proceed with summary judgment proceedings.[4] Plaintiffs filed this lawsuit in January 2020 seeking the vacatur of an unlawful Repeal. Since July 2020, when that Repeal became effective, students have been deprived of myriad protections enshrined in the 2014 Rule, including numerous benefits that do not require data sharing from the Social Security Administration: (i)

---

[2]  The Fall 2021 Unified Agenda entry for Gainful Employment, showing the 07/00/2022 "timetable" for a Gainful Employment NPRM is available via reginfo.gov at: https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=1840-AD57

[3]  In addition to, and consistent with, the changes announced through the Unified Agenda, a Department spokesperson reportedly stated that the Department "look[s] forward to publishing a notice of proposed rulemaking in Spring 2023." Natalie Schwartz, *Education Department delays gainful employment proposal until 2023*, HigherEd Dive (June 22, 2022), https://www.highereddive.com/news/education-department-delays-gainful-employment-proposal-until-2023/625919/.

[4]  As an alternative to lifting the abeyance and moving to summary judgment, Plaintiffs request that the Court could reconsider its May 2022 Order, for the limited purpose of granting a motion for remand *with* vacatur (for all reasons previously briefed).

JOINT STATUS REPORT, Case No. 20-cv-455-EJD                                    3

disclosure requirements (effectuated by institutions) that were a vital part of the Gainful Employment framework; (ii) warnings (also effectuated by institutions) regarding programmatic eligibility for participation in the federal student aid programs; and (iii) knowing that, and reaping the benefits of, schools certifying compliance with the statutory Gainful Employment requirement. While countless students have lost these benefits because of the Repeal, likely more than *one million students*[5] will lose these benefits based on an additional one-year delay. Meanwhile, programs that do not meet the Gainful Employment standard have continued, and will continue, to receive substantial taxpayer funded loans that students will be obligated to repay. As current Undersecretary of Education James Kvaal once predicted in the *Washington Post*: the repeal of the Gainful Employment Rule has harmed students.[6]

Plaintiffs' position is informed by the Court's commentary at oral argument regarding the Department's Motion for Remand, which was premised on the Department's view that it should not be forced to implement the 2014 Rule while drafting an NPRM. Although the Court denied the Motion to Remand, it granted Defendants' alternative request, *i.e.*, to stay the litigation during the pendency of the Rulemaking. At oral argument, the Court stated the following about a stay of the litigation without vacatur (ultimately, the path ordered by the Court):

> That – it seems that would engage [counsel's] Department to either report to her superiors, "This judge is serious about something moving forward," whether that has any weight or carries any weight with the Department or not, at least she can report that [']yeah, yeah, this judge is interested in this, and I have to report back to him in 90 days, 60 days, 120, days.[']"

---

[5] Stephanie Riegg Cellini, *For-Profit Colleges in the United States: Insights from Two Decades of Research*, EdWorkingPaper No. 21-398 at 4 (May 2021) ("[T]oday, the for-profit sector enrolls about 1.35 million students in federally aided institutions."), https://www.edworkingpapers.com/sites/default/files/ai21-398.pdf. This number does not consider Gainful Employment programs offered at other types of institutions.

[6] *See generally* James Kvaal & Arne Duncan, *Career training regulations protect students and taxpayers. But the Trump administration is abolishing them*, Wash. Post (July 7, 2019), https://www.washingtonpost.com/education/2019/07/01/career-training-regulations-protect-students-taxpayers-trump-administration-is-abolishing-them/.

That seems to be, just in the abstract, that seems to be something that has some currency."

Yet rather than take the Court's comments and Order as a directive to move quickly, the Department announced a delay without any justification or prior notice to the Court or Plaintiffs. And under its new schedule, the Department will not issue an NPRM until 18 months after its October 2021 statement that it was "moving forward effort to re-regulate" so that reinstating the 2014 Rule by vacatur would be "temporary." Had the Department instead supported a remand *with* vacatur, students could have received protections of the Gainful Employment Rule for at least 32 months before any new regulation took effect.[7] This is far from a "temporary" benefit.

Finally, apart from student harms, allowing the case to remain in abeyance for such a lengthy period sets a dangerous precedent under the Administrative Procedure Act. By July 2024, this case will be more than 4.5 years old, with Plaintiffs never having had a chance to prove their case on the merits. Permitting an illegal regulation (in this case, the Repeal) to remain in place for *years*, solely to give the Department an opportunity for a do-over with an uncertain result, would eviscerate the concept of judicial review over agency action. By holding this case in abeyance until after the NPRM, after the subsequent comment period, and after the publication of a Final Rule that considers those comments, the Department will have shielded its illegal repeal from meaningful judicial review. For the reasons stated in prior briefing, including by *amicus curiae, see* Dkt. 55-1, the resultant harms will be ongoing and costly.

---

[7]   Plaintiffs continue to recognize the Department's professed operational challenges associated with vacatur. Nevertheless, Defendants have *never* explained how programmatic disclosure requirements, certification requirements, or warnings could not be reinstated *immediately*, without data from the Social Security Administration. *See, e.g.*, Dkt. 50 at 15 n.11 (noting how disclosures must be provided by *institutions*, and the Department's obligation is to disseminate a template, which remains on the Department's website in an editable Microsoft Word document).

B. **Defendants' Position**

Defendants do not request any change to the current status of holding this case in abeyance, nor is there any reason for the Court to reconsider its May 10, 2022 Order less than two months after it was issued. In that Order, the Court explained that "both Plaintiffs and the Department largely appear to be striving towards a common purpose—the creation of an effective gainful employment regulatory framework—and the Parties only differ as to *when* such a framework should be implemented." Regarding that timing, the Court recognized that the Department's ordinary course of notice-and-comment rulemaking, and the master calendar applicable to it, "could delay the implementation" of new GE regulations "as late as July 2024." Notwithstanding that timing, the Court decided to hold the case in abeyance in light of the "many prudential benefits to allowing the Department's ongoing GE rulemaking to proceed without requiring them to defend the 2019 Rescission." The Court also recognized that "if the Department's rulemaking does not moot or otherwise resolve Plaintiffs' claims, Plaintiffs would be able to request the abeyance be lifted and pick up the litigation where they left off." Order of May 10, 2022, at 9.

None of that has changed. The Department's rulemaking efforts continue and remain within the timeframe that the Court identified.

As Defendants explained when moving to remand this case without vacatur in October 2021 (after most of Plaintiffs' claims were dismissed for lack of standing), the Department was at that time in the early stages of negotiated rulemaking on the subject of Gainful Employment. The Department has now completed negotiated rulemaking and is preparing to issue an NPRM, the first step in notice-and-comment rulemaking. The anticipated date for an NPRM identified in the Department's spring 2022 regulatory agenda, April 2023, keeps the Department on track to issue a final rule by November 2023, which would then go into effect in July 2024—thus, within the timeframe contemplated by the Court's Order. As the regulatory agenda indicates, the Department is engaged in a number of rulemakings at various stages and continues to make progress in these efforts, including in its rulemaking on Gainful Employment.

Although Plaintiffs make much of the fact that previous regulatory agendas identified an earlier estimated date for an NPRM, the spring and fall 2021 regulatory agendas were both issued before negotiated rulemaking on Gainful Employment was completed and reflected the Department's assessment of the "approximate schedule" for its rulemakings at that time, *see* 5 U.S.C. § 602(a)(2). Contrary to Plaintiffs' suggestion, Defendants made no representations based on the spring or fall 2021 regulatory agendas in their Motion to Remand or related briefing.[8] Rather, Defendants pointed to concrete actions that the Department was taking to further its rulemaking efforts, such as its Federal Register announcements of its intent to convene negotiated rulemaking committees, and meetings of those committees, all of which occurred as described. Nor did the Court's Order rely on or even mention the spring or fall 2021 regulatory agendas. The change in the Department's estimate in the regulatory agenda in no way calls into question that the Department is diligently continuing to pursue rulemaking in this area. Because the participants in the negotiated rulemaking did not reach a consensus, and in light of the repeated legal challenges to the Department's regulation in this area, the Department is carefully

---

[8] The Department did not rely on its regulatory agenda as a basis for its Motion to Remand, given that the agenda, by itself, confers no guarantee of regulatory action. *See* 5 U.S.C. § 602(d); *see also* 87 Fed. Reg. at 5220 ("Dates of future regulatory actions are subject to revision in subsequent agendas."). Indeed, Defendants did not seek remand at the time the spring 2021 regulatory agenda was issued even though Gainful Employment was identified in that agenda as a planned regulatory subject; rather, Defendants did so only after the Department had taken concrete steps towards implementing new rulemaking on Gainful Employment, and those steps were what Defendants referenced in their Motion.

considering the rule that it will propose.[9] Plaintiffs otherwise identify no basis for the Court to reconsider its conclusion in its May 10, 2022 Order that the case should be held in abeyance. The Court's rationale then remains wholly applicable now. Although Plaintiffs appear to be using this status report as an opportunity to seek reconsideration of the Court's Order, they simply rehash their prior arguments, which the Court already rejected. Defendants therefore respectfully request that the Court continue to hold the case in abeyance and that the next status report be due in 90 days.

        Respectfully submitted,

        Glenn Rothner (SBN 67353)
        ROTHNER SEGALL & GREENSTONE

        Daniel A. Zibel (admitted *pro hac vice*)
        Aaron S. Ament (admitted *pro hac vice*)
        NATIONAL STUDENT LEGAL DEFENSE NETWORK

        By: /s/ *Daniel A. Zibel*
        DANIEL A. ZIBEL

        *Attorneys for Plaintiffs*

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        MARCIA BERMAN
        Assistant Director, Federal Programs Branch

        By: /s/ *Kathryn L. Wyer*
        KATHRYN L. WYER (Utah Bar No. 9846)
        U.S. Department of Justice, Civil Division
        1100 L Street, N.W., Room 12014
        Tel. (202) 616-8475
        kathryn.wyer@usdoj.gov

July 1, 2022        *Attorneys for Defendants*

---

[9] Under the master calendar governing Department rulemaking, any final rule issued by the Department between November 2, 2022 and November 1, 2023 would have the same July 1, 2024 effective date. *See* 20 U.S.C. § 1089(c)(1).