BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| ISAI BALTEZAR & JULIE CHO, | Case No. 5:20-cv-455-EJD |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO LIFT THE ABEYANCE ORDER** |
| v. | |
| MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*, | Judge: Hon. Edward J. Davila |
| Defendants. | |

**INTRODUCTION**

The Court should deny Plaintiffs' request to lift the Court's Order of May 10, 2022 ("Order") [ECF 73] and should instead continue holding this challenge to a 2019 rule in abeyance while the Department of Education ("Department") pursues a rulemaking process that will replace that rule and moot this case. As Plaintiffs acknowledge, the Department issued a Notice of Proposed Rulemaking ("NPRM") on May 19, 2023, and is therefore on track to issue a new final rule that will supersede the 2019 rule. This ongoing process is exactly what the Court anticipated when it rejected Plaintiffs' prior request for expedited briefing and held the case in abeyance, and Plaintiffs identify nothing new or unexpected that warrants revisiting the Court's decision before the process is complete. To the contrary, Plaintiffs concede they fully support the NPRM and "are optimistic that [the Department] will finalize the Rule expeditiously." Pl. Mot. [ECF 79] at 2. Their renewed request for expedited summary judgment briefing on the old rule stems not from any concern about the current rulemaking process but merely from Plaintiffs' desire to install a prospective backstop against the speculative possibility that the new rule might be overturned in litigation that has not yet been filed. But again, Plaintiffs identify nothing to justify reconsideration of the Court's previous denial of such relief. Plaintiffs' proposal to stay any ruling in their favor simply reinforces the inefficiency of resuming proceedings at this stage, which the Court recognized would disrupt the very rulemaking process that all parties in this case support and would continue to be "haunted by the specter of mootness." Order at 10. While Plaintiffs improperly filed their request as an administrative motion under Civil L.R. 7-11—the mechanism used to seek expanded page limits or contested extensions—no further consideration of their request is warranted, and their motion should be denied with prejudice.

**ARGUMENT**

## I. PLAINTIFFS' ADMINISTRATIVE MOTION IS IMPROPER UNDER L.R. 7-11

As an initial matter, Plaintiffs' motion is improperly filed under L.R. 7-11. That rule "is meant to cover requests for relief in connection with 'miscellaneous administrative matters'—such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Morgenstein v. AT & T Mobility LLC*, No. CV 09-3173, 2009 WL 3021177, at *1 (N.D. Cal.

Sept. 17, 2009). It is indisputably "not the appropriate vehicle by which to request a stay of all litigation proceedings." *Id.* (citing prior cases). Nor can it properly be invoked to lift an order of abeyance that the Court issued after full briefing and a hearing on Defendants' Motion to Remand Without Vacatur. Plaintiffs' counsel suggests the Order authorized such a request, Zibel Decl. [ECF 79-1] ¶ 5 (citing Order at 9), but the Court never suggested Plaintiffs submit a request through L.R. 7-11 in the midst of the rulemaking process. Instead, the Court noted that an abeyance would allow the case to resume "if the Department's rulemaking does not moot or otherwise resolve Plaintiffs' claims," Order at 9—a determination that would be premature at this stage.

Notably, the use of L.R. 7-11 as a "device to speed up the briefing schedule" has been rejected. *Cf. Morgenstein*, 2009 WL 3021177, at *2. Here, Plaintiffs could have filed a duly noticed motion under L.R. 7-2 earlier. Indeed, Plaintiffs did propose expedited summary judgment proceedings when opposing Defendants' Motion to Remand, but the Court rejected their proposal and instead held the case in abeyance. Order at 10. In a Joint Status Report filed on July 1, 2022, Plaintiffs proposed lifting the abeyance and proceeding with summary judgement briefing, ECF 74 at 3, but they filed no motion for such relief, as they conceded at a later hearing, and the Court again declined their request. Though Plaintiffs summarily claim otherwise, Zibel Decl. ¶ 5, their current request—relying solely on the Department's NPRM, which the Court's Order fully anticipated and which Plaintiffs in fact *support*, Pl. Mot. at 2, and otherwise rehashing arguments that the Court previously rejected—seeks reconsideration of those prior decisions. Yet they fail to follow the procedures for such a motion under L.R. 7-9. The Court should not condone Plaintiffs' effort to use L.R. 7-11 to bypass proper requirements under the applicable local rules.

## II.    ABEYANCE CONTINUES TO BE APPROPRIATE

Aside from their improper use of L.R. 7-11, Plaintiffs also fail to justify their request. This Court decided to hold the case in abeyance after full briefing and a hearing on Defendants' Motion to Remand Without Vacatur, granting abeyance as the alternative relief that Defendants requested. Plaintiffs identify no unexpected change in circumstance that warrants reconsideration of that decision. To the contrary, the recently-issued NPRM demonstrates that the Department is proceeding with rulemaking as anticipated. The Department is now accepting comments and

anticipates issuing a final rule within the timeframe contemplated by the Court's Order. That rule will necessarily moot Plaintiffs' challenge to the current rule. Indeed, Plaintiffs' support for the proposed rule, Pl. Mot. at 2, reinforces the Court's prior assessment that both parties are "striving towards a common purpose—the creation of an effective gainful employment regulatory framework." Order at 9. The Court's prior reasoning thus continues to apply.

In seeking to lift the Court's Order, Plaintiffs first argue that the rulemaking process is ongoing. Pl. Mot. at 1. But the ongoing rulemaking process was the very reason the Court rejected expedited summary judgment briefing and held this case in abeyance, recognizing the disruption that would be caused by "an immediate resurrection of the 2014 GE Rule and an abrupt transformation of the regulatory backdrop" for the current rulemaking. Order at 9-10.

Plaintiffs also repeat their previously-asserted argument, ECF 50 at 19, that the Department's new rule, once issued, is likely to be challenged in court. Pl. Mot. at 1-2. But the prospect of such a challenge, and speculation regarding its outcome, does not warrant reconsideration of the Court's abeyance order, given the continuing "specter of mootness," Order at 10, over these proceedings. *See New York v. Raimondo*, No. 1:19-CV-09380, 2021 WL 1339397, at *2 (S.D.N.Y. Apr. 9, 2021) (holding "[t]he possibility that the challenged rules could become operative again," should a new rule be vacated in litigation, insufficient to keep a controversy live).

Plaintiffs suggest that resuming proceedings need not be disruptive because the Court could temporarily stay any holding that the current rule is "unlawful." Pl. Mot. at 3. However, their proposal simply highlights that any ruling by this Court on Plaintiffs' challenge to the current rule would have no concrete impact, reinforcing the inefficiency of proceeding to adjudicate that challenge at all. Indeed, Plaintiffs' suggestion could lead to much confusion and further inefficient expenditures of resources, as any ruling by this Court on the current rule could be appealed even as the new rule goes into effect, which could well lead a Court of Appeals to vacate whatever ruling this Court may have issued. *Cf. Maryland v. U.S. Dep't of Educ.*, No. 20-5268, 2020 WL 7868112, at *1 (D.C. Cir. Dec. 22, 2020) (vacating district court decision after rule was superseded). Meanwhile the Department may have to defend against challenges to the new rule as well as the 2014 GE Rule, to the extent other parties then argue that this Court's ruling raises the

prospect that the 2014 GE Rule might be reinstated. And Plaintiffs would also have the Department attempt to implement the 2014 GE Rule after July 1, 2024, despite the obstacles to doing so that the Department has previously explained. None of this supports Plaintiffs' motion.

Plaintiffs also suggest that their Count 11, a procedural challenge to the rulemaking process that produced the 2019 rule, has not been redressed. Pl. Mot. at 3-4. But Plaintiffs err in suggesting that the Department must go beyond notice and comment requirements applicable to the current rulemaking by identifying or expressly "disclaim[ing]" reliance on certain sources that, according to Plaintiffs, were not properly identified in the old rule; rather, any procedural defect in the old rule will be moot once a new rule is promulgated. *NRDC v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814–15 (D.C. Cir. 1982). Moreover, Plaintiffs have the opportunity to participate in the current rulemaking during the comment period for the NPRM, which is underway—the very redress that the Court previously contemplated for Plaintiffs' procedural claim. *See* ECF 44 at 7 n.3 (further rulemaking would redress Count 11 by "allow[ing] the public an opportunity to comment on the sources upon [which] the DOE relies"). Neither Plaintiffs nor the Court can properly evaluate the procedural sufficiency of the current rulemaking before it is complete. Likewise, any request by Plaintiffs to lift the abeyance on the ground suggested by the Court— that "the Department's rulemaking [has] not moot[ed] or otherwise resolve[d] Plaintiffs' claims," Order at 9—is premature until the rulemaking process yields a final rule.

Finally, Plaintiffs argue that the Department's recognition in the NPRM of its authority to regulate in this area amounts to a concession of legal error in the 2019 Rule, supporting their Count 1. Pl. Mot. at 4. But Defendants previously explained that Count 1—like all other counts other than Count 11—must be deemed dismissed in light of prior proceedings, and that this claim in any case lacks merit because the 2019 Rule did not rely on any supposed lack of regulatory authority. ECF 56 at 7-8. Rather, in the 2019 Rule, the Department "merely concluded, consistent with the Department's practice for over forty years," that no regulation specifically focused on this issue was needed. *Id.* The NPRM's regulatory approach reflects a different policy judgment regarding how best to regulate schools receiving Title IV assistance, not a determination that the 2019 Rule was legally flawed.

Plaintiffs also make two redressability arguments regarding Count 1—again improperly seeking reconsideration of the Court's prior rulings through a purported administrative motion. As explained in prior briefing, Defendants sought dismissal of all counts based on a lack of redressability; the Court agreed except with respect to Count 11; and Plaintiffs never argued Count 1 was redressable for unique reasons, ECF 56 at 7, thus waiving any argument that the 2014 Rule's certification requirements could serve that function. Moreover, the Court has already rejected Plaintiffs' argument that certifications would redress their asserted informational injuries. *Cf.* ECF 33 at 20 n.5. In addition, Plaintiffs erroneously suggest that the Department now has access to SSA earnings data. Pl. Mot. at 5 n.5. The NPRM merely states that the Department anticipates that it will "determine the specific source of earnings data in the future," subject to negotiations with another Federal agency, after a final rule is issued. 88 Fed. Reg. 32334-35. Plaintiffs' redressability discussion identifies nothing new and fails to support their request to lift the abeyance and require expedited summary judgment briefing. Instead, the reasoning in the Court's Order continues to apply, and it would serve little purpose to reconsider the Court's prior rulings on this issue at this late stage, when a new final rule will render Plaintiffs' claims moot in their entirety.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied.

DATED:  June 5, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*