UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAI BALTEZAR & JULIE CHO,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*,<br><br>Defendants. | Case No.   5:20-cv-00455-EJD<br><br>**ORDER DENYING MOTION TO LIFT ABEYANCE**<br><br>Re: ECF No. 79 |

On May 10, 2022, the Court ordered that this case be held in abeyance pending further agency rulemaking from Defendant Department of Education ("Department").  ECF No. 83.  In so ordering, the Court reasoned that—by holding the case in abeyance as opposed to remanding the case to the agency—Plaintiffs would have the option available to request the abeyance be lifted "if the Department's rulemaking does not moot or otherwise resolve Plaintiffs' claims."  ECF No. 73.

On May 30, 2023, Plaintiffs filed an Administrative Motion to Lift the Abeyance Order ("Motion").  ECF No. 79.  The impetus for Plaintiffs' Motion is the Department's May 19, 2023 publication of a Notice of Proposed Rulemaking ("NPRM") regarding gainful employment ("GE").  *See* 88 Fed. Reg. 32,300 (May 19, 2023).  Plaintiffs do not take issue with the substance of the proposed NPRM; indeed, they appear to be advocates of the proposed GE structure.  *See* Mot. 1–2 ("The NPRM correctly recognizes—once again—a need to protect students."); ("Plaintiffs are optimistic that [the Department] will finalize the Rule expeditiously."); ("[T]he NPRM was widely (and wrongfully) criticized by ideological opponents.").  Plaintiffs' motivating concern for filing the instant Motion appears to be that the currently pending GE NPRM is only a

proposal that may be later challenged or even vacated in court. Mot. 2–3.

Although the Court appreciates Plaintiffs' enthusiasm for the Department's latest promulgation, there is nothing new that would alter the concerns previously expressed by the Court regarding interference with ongoing agency rulemaking. *See* ECF No. 73, at 9–10 ("Plaintiffs' requested vacatur of the 2019 Rescission Rule would result in an immediate resurrection of the 2014 GE Rule and an abrupt transformation of the regulatory backdrop on which relevant stakeholders are currently negotiating."). Moreover, given the NPRM's current stage in the rulemaking process, the Court cannot determine one way or the other whether the Department's final rule would "moot or otherwise resolve Plaintiffs' claims." ECF No. 73, at 9. Accordingly, the Court finds that abeyance remains appropriate in this case as the latest GE NPRM proceeds through the regular course of agency rulemaking.

Plaintiffs' Administrative Motion to Lift the Abeyance Order is DENIED. The Court will not entertain further motions to lift the abeyance order until the Department has issued a final GE rule or definitively abandoned its efforts to establish any GE regulations. The parties are ORDERED to file status reports within 10 days of any formal agency action with regards to the present GE NPRM or any other GE regulations.

**IT IS SO ORDERED.**

Dated: June 27, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-00455-EJD
ORDER DENYING MOTION TO LIFT ABEYANCE
2