UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISAI BALTEZAR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL CARDONA, et al.,<br><br>Defendants. | Case No.  5:20-cv-00455-EJD<br><br>**ORDER DISMISSING CASE AS MOOT**<br><br>Re: ECF No. 87 |

In 2014, the Department of Education ("Department") promulgated a rule implementing the "gainful employment" provisions of the Higher Education Act (the "2014 Rule"). 79 Fed. Reg. 64,890 (Oct. 31, 2014). While it was in place, the 2014 Rule regulated certain postsecondary institutions by establishing guidelines for eligibility to participate in federal student loan and grant programs. The guidelines tied loan and grant eligibility to those institutions' ability to place their graduates in jobs that are sufficiently well-paying (gainful employment) to justify the cost of attending those institutions. The 2014 Rule also required regulated institutions to provide related disclosures to their students. In 2019, the Department rescinded the 2014 Rule (the "2019 Rescission"). 84 Fed. Reg. 31,392 (July 1, 2019). Plaintiffs Isai Baltezar and Julie Cho[1] filed this action to challenge that rescission.

Since then, the landscape has changed. On October 10, 2023, the Department issued a new rule superseding the 2019 Rescission (the "2023 Rule"). 88 Fed. Reg. 70,004 (Oct. 10, 2023). Effective July 1, 2024, the 2023 Rule established new gainful employment regulations to replace the rescinded 2014 Rule. Based on this development, Defendants assert that this case is moot.

---

[1] When Plaintiffs initially filed their complaint, they were joined by the American Federation of Teachers and the California Federation of Teachers. However, the two Federations dismissed their claims on November 11, 2021. ECF No. 49.

Case No.:  5:20-cv-00455-EJD
ORDER DISMISSING CASE AS MOOT                1

Because Plaintiffs challenge the 2019 Rescission—a rule no longer in effect—the Court cannot provide effective relief now that the Department has promulgated the 2023 Rule. Accordingly, the Court finds that this case is moot and GRANTS Defendants' motion to dismiss.

## I.    LEGAL STANDARD

Article III limits the federal courts' jurisdiction to "Cases" and "Controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). The case-or-controversy requirement applies "not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Id.* at 91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). So, a case becomes moot—and the federal courts lose jurisdiction over that case—when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" due to changed circumstances. *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). This occurs when it becomes "impossible for a court to grant any effectual relief whatever to the prevailing party." *Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597, 609 (2013) (quoting *Knox v. Serv. Emps. Int'l*, 567 U.S. 298, 307 (2012)).

There are exceptions to this rule. As relevant here, it is well-established that defendants typically do not moot their cases by voluntarily deciding to cease challenged conduct. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Were it otherwise, defendants could resume their challenged conduct immediately after a court dismisses their cases as moot, turning mootness doctrine into a shield that insulates defendants from judicial review. *See FBI v. Fikre,* 601 U.S. 234, 241 (2024) ("*Fikre II*"). As such, voluntary cessation moots a case only where a defendant can prove that "no reasonable expectation remains that it will return to its old ways." *Id.* (cleaned up). The party asserting mootness bears a "heavy burden" to show that it meets this standard. *Laidlaw*, 528 U.S. at 189. That said, courts "presume that a government entity is acting in good faith when it changes its policy." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). While a government defendant still bears the ultimate burden of showing that a challenged action is not reasonably likely to recur, *Fikre II*, 601 U.S. at 241, courts "treat the voluntary cessation of challenged conduct by government officials 'with more solicitude . . . than similar action by private parties.'" *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (en banc) (alteration in original) (quoting *Am.*

Case No.: 5:20-cv-00455-EJD
ORDER DISMISSING CASE AS MOOT         2

*Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)).

The level of "solicitude" accorded to government entities varies based on the mechanism through which they act. When there are sufficient "procedural safeguards insulating the new state of affairs from arbitrary reversal," the level of solicitude is highest. *Fikre v. FBI*, 904 F.3d 1033, 1039 (9th Cir. 2018) ("*Fikre I*") (citation omitted). That is because such procedural safeguards prevent a government's voluntary actions from being "easily abandoned or altered in the future." *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013). Put differently, although the government could in theory return to its old ways, the existence of such safeguards leaves the new state of affairs permanent enough to moot a case. As such, courts "presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it." *Chambers*, 941 F.3d at 1199.

Although courts discussing the effect of procedural safeguards on mootness typically do so in the context of legislative changes, the same principles apply to regulations and other administrative decisions. Just as formal legislative actions prevent voluntary cessations from being easily abandoned, so too do formal "regulatory revisions." *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1153 (9th Cir. 2019). Therefore, "the formal manner in which the repeal of the regulations was effected, and the comparable steps that would have to be taken before they could be reinstated, . . . provide sufficient assurance that the new policy was the kind of permanent change that proves voluntary cessation sufficient to moot" a plaintiff's claims. *Linlor v. Nev. Dep't of Motor Vehicles*, 569 F. App'x 538, 539 (9th Cir. 2014) (cleaned up).

By contrast, when a government entity is free to return to its challenged actions with few, if any, restrictions, it is not appropriate to give that entity the same benefit of the doubt when it comes to mootness. *See Fikre I*, 904 F.3d at 1039–40 ("an individualized determination untethered to any explanation or change in policy, much less an abiding change in policy" did not moot the case); *Bell*, 709 F.3d at 901 (case was not mooted by a change in policy where "the authority to establish policy . . . is vested entirely in the Chief of Police, such that the new policy . . . could be easily abandoned or altered in the future").

Case No.: 5:20-cv-00455-EJD
ORDER DISMISSING CASE AS MOOT       3

## II.   DISCUSSION

It is clear that this case is moot unless an exception applies. Plaintiffs here make claims against only the 2019 Rescission and seek relief only regarding the 2019 Rescission. Compl., ECF No 1. However, the 2023 Rule has superseded the 2019 Rescission and has already taken effect. 88 Fed. Reg. 70,004 (Oct. 10, 2023). Thus, there is nothing the Court can do to grant effective relief. Vacating a superseded rule changes nothing about the current state of affairs; likewise, declaring a superseded rule to have been promulgated in an arbitrary and capricious manner changes nothing. Once a challenged regulation "is no longer in force," "the issue of the validity of [that] old regulation is moot." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam).

Plaintiffs resist this straightforward conclusion in two ways. First, Plaintiffs claim that implementation of the 2023 Rule is moving so slowly that,[2] as a practical matter, none of its provisions are operative and students are essentially subjected to the 2019 Rescission. The problem with this argument is that Plaintiffs identify potential issues with the 2023 Rule, not the 2019 Rescission. Vacating the 2019 Rescission or declaring it arbitrary and capricious will not speed up the 2023 Rule's implementation nor otherwise disturb that Rule. So, there is no effective relief that the Court can grant in this case to address the 2023 Rule's purported delays.

Second, Plaintiffs suggest that a ruling in this case will still have real-world impacts even if it would not alter the 2023 Rule. Plaintiffs assert that vacating the 2019 Rescission will change what happens in the event the 2023 Rule is vacated or rescinded. If the Court vacates the 2019 Rescission, the 2014 Rule would become operative if the 2023 Rule is vacated or rescinded. But if the 2023 Rule is not vacated or rescinded, vacating the 2019 Rescission will have no effect.[3] Opp'n 9, ECF No. 89. As this shows, the effectiveness of vacating the 2019 Rescission is

---

[2] Plaintiffs requested judicial notice of certain facts related to this argument. ECF No. 94. The Department responded but did not object to judicial notice. ECF No. 95. Therefore, the Court GRANTS judicial notice.

[3] The Court notes that applying the voluntary cessation exception requires considering the likelihood that issues surrounding the 2019 Rescission would arise again in the future. However, that analysis takes place at the evaluation of mootness exceptions, not at the evaluation of the general rule for mootness here.

Case No.: 5:20-cv-00455-EJD
ORDER DISMISSING CASE AS MOOT   4

1   contingent on future events that may or may not happen, and "speculative contingencies afford no
2   basis for a court passing on now-moot questions." *City & Cnty. of S.F. v. Garland*, 42 F.4th 1078,
3   1087 (9th Cir. 2022) (cleaned up) (quoting *Hall v. Beals*, 396 U.S. 45, 49–50 (1969)). Thus, the
4   possibility that the 2023 Rule may be vacated or rescinded does not defeat mootness. Separately,
5   Plaintiffs argue that a declaration would "substantively impact future attempts to interpret and
6   apply the operative 'gainful employment' language." Opp'n 10. That second argument proves too
7   much, though. After all, advisory opinions are prohibited by Article III precisely because such
8   opinions only serve to impact future cases without resolving any present case or controversy. *See*
9   *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Therefore, this case is moot unless an exception to
10  mootness applies.

11  Because the Department mooted this case by voluntarily promulgating the 2023 Rule,
12  Plaintiffs invoke the voluntary cessation exception to mootness. To overcome this exception,
13  Defendants must show that there is no reasonable expectation that the Department will revert to
14  the challenged 2019 Rescission. *Fikre II,* 601 U.S. at 241. The Department promulgated the 2023
15  Rule through notice and comment rulemaking, 88 Fed. Reg. 70,004, so it can rescind the 2023
16  Rule only through notice and comment. *California v. Bernhardt*, 472 F. Supp. 3d 573, 591 (N.D.
17  Cal. 2020) ("The value of notice and comment prior to repeal of a final rule is that it ensures that
18  an agency will not undo all that it accomplished through its rulemaking without giving all parties
19  an opportunity to comment on the wisdom of repeal.") (quoting *Consumer Energy Council of Am.*
20  *v. FERC*, 673 F.2d 425, 446 (D.C. Cir. 1982)). This creates procedural safeguards that make it
21  less likely for the Department to abandon the 2023 Rule in the future. *See Bell*, 709 F.3d at 901.
22  Combined with the solicitude given to government actors taking voluntary actions, and the Ninth
23  Circuit's acknowledgement that formal regulatory changes typically suffice to moot cases that are
24  based on older regulations, the Court finds that Defendants have met their burden to show that the
25  voluntary cessation exception does not apply. *See Chambers*, 941 F.3d at 1198; *Am. Diabetes*
26  *Ass'n*, 938 F.3d at 1153; *Linlor*, 569 F. App'x at 539.

27  Plaintiffs' only response is that pending litigation in another district—*American*
28  *Association of Cosmetology Schools v. U.S. Department of Education*, No. 4:23-cv-1267 (N.D.

Case No.: 5:20-cv-00455-EJD
ORDER DISMISSING CASE AS MOOT     5

Tex.) ("*AACS*") and *Ogle School Management, LLC v. U.S. Department of Education*, No. 4:24-cv-259 (N.D. Tex.)[4]—creates a reasonable expectation that the 2023 Rule might be judicially vacated, thereby returning the 2019 Rescission to effect. In making this argument, Plaintiffs rely on a Sixth Circuit decision, *Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020), which held that a case challenging a since-superseded regulation was not moot when there were several other lawsuits pending that could restore the challenged regulation. The Court doubts that litigation challenging a current regulation is sufficient to maintain a court's jurisdiction over older, superseded regulations, and the Ninth Circuit has never so held. That is especially so because the voluntary cessation doctrine is grounded in concerns that parties should not be able to manipulate a court's jurisdiction through voluntarily mooting a case to preserve a favorable ruling, *City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000), but lawsuits filed by third parties pose little risk of such manipulation. Even if the Court could consider pending litigation elsewhere when evaluating mootness, however, the *AACS* and *Ogle* cases would still not justify applying the voluntary cessation exception. That is because the court overseeing both cases has already denied a preliminary injunction against the 2023 Rule on the basis that the plaintiffs were not likely to succeed on the merits and it is therefore unlikely that *AACS* and *Ogle* will result in vacating the 2023 Rule. *Ogle*, ECF No. 31. For these reasons, the Court finds that the voluntary cessation exception does not apply.

### III.   CONCLUSION

The Court GRANTS the motion to dismiss and DISMISSES this case as MOOT. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 7, 2025

EDWARD J. DAVILA
United States District Judge

---

[4] Both cases were assigned to the same Judge and ultimately consolidated into a single case. *AACS*, ECF No. 22.

Case No.: 5:20-cv-00455-EJD
ORDER DISMISSING CASE AS MOOT        6